IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:  Susan M. Boltz-Rubinstein,<br>　　　　　　　　　　Debtor. | CHAPTER 13<br><br>Case No. 10-16541-elf |
| Susan M. Boltz-Rubinstein,<br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Bank of America, N.A. and United Guaranty<br>Residential Insurance Company of North<br>America,<br>　　　　　　　　Defendants. | Adversary Proceeding No.: 16-00362 |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS**

**I.     INTRODUCTION**

Throughout her bankruptcy case, Debtor acknowledged that she owed a debt to United Guaranty Residential Insurance Company of North America ("United") by listing the debt in her schedules and declining to object to the secured claim filed by United.  Debtor had multiple opportunities to dispute the secured claim, but failed to do so in a timely fashion.  Although it has now been several years since Debtor acknowledged United's secured claim and although she has explicitly admitted that the debt is valid, she now attempts to backtrack and invalidate that debt by alleging that Bank of America, N.A. ("BANA") fabricated the Assignment of Mortgage upon which the proof of claim is based.  Not only is Debtor's fraud claim time-barred and insufficiently pled, but Debtor also lacks standing to challenge the Assignment of Mortgage, and her claim against BANA fails as a matter of law because it does not state a claim upon which relief can be granted.  Finally, Debtor's RESPA and TILA claims fail because they are

insufficiently pled. Accordingly Debtor's claims against BANA should be dismissed in their entirety with prejudice.

## II. FACTS

### A. The Note, Mortgage, and Assignment

On November 15, 2005, Susan M. Boltz-Rubinstein ("Debtor") obtained a loan from BANA in the amount of $116,770.00 (the "Loan"). [Adv. Dkt. No. 12, Ex. B, p. 3]. Debtor executed a note (the "Note") in favor of BANA for the amount of the Loan. [Adv. Dkt. No. 12, Ex. B, p. 7]. The Loan was secured by a mortgage (the "Mortgage") of the same date on property known as 3444 Wiltshire Road, Furlong, PA 18925 (the "Property"). [Adv. Dkt. No. 12, Ex. B, p. 3]. On July 9, 2008, the Mortgage was assigned to United (the "Assignment"). [Adv. Dkt. No. 12, Exhibit A].

### B. The Chapter 13 Bankruptcy

On August 3, 2010, Debtor filed a Chapter 13 Voluntary Petition (the "Petition") commencing bankruptcy case number 10-16541 (the "Bankruptcy Case"). [Bankr. Dkt. No. 1]. In her Petition and accompanying schedules, Debtor identified the Mortgage as a secured claim; the claim was not listed as disputed, contingent, or unliquidated in Debtor's schedules. [Bankr. Dkt. No. 1, p. 9]. On August 5, 2010, United submitted a proof of claim for $114,027.24, listing itself as creditor ("Proof of Claim"). [Adv. Dkt. No. 1, Ex. B]. On September 24, 2010, Debtor updated "Schedule D – Creditors Holding Secured Claims." [Bankr. Dkt. No. 30]. Therein, she again identified the Mortgage as a secured claim, identified United as the creditor, and did not list the claim as disputed, contingent, or unliquidated. *See id.* On July 15, 2011, United submitted an updated proof of claim, again listing itself as creditor. [Adv. Dkt. No. 1, Ex. B].

C.   **The Adversary Complaint and the Amended Adversary Complaint**

On October 17, 2016, Debtor initiated this adversary action by filing a new Adversary Complaint against BANA and United.[1] [Adv. Dkt. No. 1]. In response to Motions to Dismiss filed by Defendants, Debtor filed an Amended Complaint on or about December 8, 2016. In the five-count Amended Complaint, Debtor asserts three claims as to BANA.[2] In Count III for "False and Fraudulent Proof of Claim," Debtor alleges that BANA committed fraud in connection with the creation of the Assignment. However, this claim as to BANA cannot survive because it is time-barred, because it fails as a matter of law, and because Debtor lacks standing to challenge the Assignment. Debtor's TILA and RESPA claims (Counts IV & V) each fail because the facts demonstrate that BANA responded to any TILA and/or RESPA request, and because Debtor does not allege any actual damages. As a result of the forgoing, the Amended Complaint should be dismissed in its entirety as to BANA.

## III.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. Fed. R. Civ. P. 12 (b)(6); Fed. R. Bankr. P. 7012; *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). A court need not accept a plaintiff's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal.*, 556 U.S. 662, 678 (2009). Significantly, a plaintiff must state a claim to relief that is plausible on its face. *See Phillips v.*

---

[1] Debtor has filed numerous Adversary Complaints against BANA. A May 2015 Complaint sought relief with respect to a proof of claim pertaining to a separate mortgage. [Adv. No. 15-0176]. This matter was dismissed for lack of subject matter jurisdiction. [Adv. No. 15-0176, Dkt. 27]. Thereafter, Debtor filed another Adversary Complaint against BANA and National Residential Assets Corporation in August of 2016. [Adv. No. 16-00265]. BANA filed a motion to dismiss that action, which is currently pending. [Adv. No. 16-00265, Dkt. 10].

[2] The only allegations against BANA pertain to the allegedly "fabricated" Assignment of Mortgage from BANA to United, and are addressed in Count III. Accordingly, BANA's Motion to Dismiss does not directly address Counts I and II.

*County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). As the Supreme Court has held, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Supreme Court has further stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the defendant-unlawfully-harmed-me accusation.") (internal quotation omitted). Furthermore, in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.

Based on this standard of review, the Court should now dismiss Debtor's Amended Complaint with prejudice in its entirety as to BANA.

IV. **ARGUMENT**

The only allegations Debtor raises against BANA pertain to the alleged "fraud" perpetrated by BANA in its execution of the Assignment to United, and in its alleged knowledge that the Assignment annexed to United's Proof of Claim was an "invalid and false document" and that it was "fabricated to perpetuate a fraud upon this Court." [Adv. Dkt. No. 1, ¶¶ 18, 39, 41, 63]. These claims against BANA fail as a matter of law because the fraud-based claims are insufficiently pled and time-barred, and because Debtor lacks standing to challenge the Assignment.

A.  **Debtor's Fraud Claim Is Time-Barred and Fails as a Matter of Law**

Debtor's fraud-based claim against BANA fails because it is time-barred and insufficiently pled. In Count III, Debtor claims that the Proof of Claim filed by United constitutes a "Fraud on the Court." [Adv. Dkt. No. 12, ¶ 117]. She alleges that BANA "knowingly made a false misrepresentation to the court" by "knowingly fabricat[ing] an assignment of mortgage" and "submit[ting] a Note to the Court which does not contain a dated endorsement to [United]." *Id.* at ¶ 118, 120. However, this fraud claim is time-barred by Pennsylvania's two-year statute of limitations. Moreover, these allegations are insufficient to sustain a claim for either general fraud or "Fraud on the Court" because they are insufficiently specific, because they do not allege any action by an officer of the court, and because they do allege the level of egregious behavior necessary to support such a claim.

1.  <u>Debtor's Fraud Claim Is Time-Barred</u>

Under Pennsylvania law, claims of fraud are subject to the two-year statute of limitations set forth in 42 Pa. C.S. § 5524(7). *See AAMCO Transmissions, Inc. v. Harris*, 759 F. Supp. 1141, 1144 (E.D. Pa. 1991). Here, Debtor's fraud claims against BANA pertain to its actions in connection with the Assignment of Mortgage in 2008—approximately eight years prior to initiating the instant adversary action. [Adv. Dkt. No. 1]. Debtor candidly admits that the Assignment existed by the time United filed its Proof of Claim in 2010. [Adv. Dkt. No. 12, ¶ 37 (alleging that the Assignment was recorded on August 12, 2008); ¶ 24 (alleging that the assignment of Note "suddenly appeared for the <u>first</u> time" when the Proof of Claim was filed "on August 5, 2010.") (emphasis in original). Because Debtor failed to bring this claim within two years of the actions complained of, her fraud claim is time-barred and should be dismissed with prejudice.

### 2. Debtor's Claim For Fraud Is Insufficiently Specific

Even if Debtor's claim against BANA were not time-barred, it nevertheless fails to meet the federal pleading standards. As a threshold matter, it is well-settled that when alleging fraud or mistake, a party must state with particularity the circumstances constituting the alleged fraud or mistake. Fed. R. Civ. P. 9 (b); Fed. R. Bankr. P. 7009. This particularity requirement is intended to ensure that a defendant has adequate notice of "the precise misconduct" it is charged with, and to safeguard against "spurious charges" of fraud that a defendant did not commit. *Silverstein v. Percudani*, 422 F. Supp. 2d 468, 471 (M.D. Pa. 2006), aff'd, 207 F. App'x 238 (3d Cir. 2006). To satisfy the Rule 9(b) heightened pleading standard, a plaintiff must specify the time, place, and substance of the defendant's allegedly fraudulent conduct. *See United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 234 (3d Cir. 1998).

Here, Debtor's allegations in support of her fraud claim— whether they sound in "Fraud on the Court" or in a general fraud claim—fall well short of the specificity requirements of Rule 9(b). Her allegations are general and conclusory in nature, and do not sufficiently allege the time, place, or substance of the allegedly fraudulent conduct. Thus, her fraud claim should be dismissed in its entirety with prejudice.

### 3. Debtor's Claim For Fraud On The Court Is Insufficiently Pled And Fails To State A Claim Upon Which Relief Can Be Granted

Although a general claim for fraud is subject to a two year statute of limitations, a specific claim for "Fraud on the Court" arguably is not. *See Bowie v. Maddox*, 677 F. Supp. 2d 276, 278 (D.D.C. 2010) ("'Fraud on the court' is a claim that exists to protect the integrity of the judicial process, and therefore a claim for fraud on the court cannot be time-barred"). However, to the extent Debtor is claiming that BANA is liable for "Fraud on the Court," rather general fraud, her claim nevertheless fails because it is insufficiently pled.

Although actions for fraud upon the court are exceedingly rare, the Third Circuit has had an opportunity to define the concept. *See Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). "In order to meet the necessarily demanding standard for proof of fraud upon the court . . . there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Id.* at 386. The Court "further conclude[d] that a determination of fraud on the court may be justified only by '**the most egregious misconduct** directed to the court itself,' and that it 'must be supported by clear, unequivocal and convincing evidence.'" *Id.* at 386-87 (emphasis added) (quoting *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976)). "[F]raud on the court must constitute egregious misconduct such as bribery of a judge or jury or fabrication of evidence by counsel." *Id.* at 390 (quotations omitted). For example, "perjury by a witness is not enough to constitute fraud upon the court." *Id.*

Here, Debtor's argument is that that BANA represented that the Note and Assignment were true and accurate while allegedly knowing that those documents were inaccurate and/or deficient. [Adv. Dkt. No. 12, Count III, ¶ 118 ("[BANA] knowingly made a false misrepresentation to the court")]. Even accepting all of Debtor's allegations as true, Debtor fails to demonstrate that an officer of the court engaged in the type of egregious conduct necessary to sustain the claim. Instead, her allegations pertaining to the alleged fraud are leveled against BANA and United—neither of which is an officer of the court. [Adv. Dkt. No. 12, Count III]. Debtor's claim for fraud upon the court should be dismissed because she does not allege that an officer of the court committed egregious conduct directed at the court itself. *See Herring*, 424 F.3d at 386.

Furthermore, the misconduct alleged in Debtor's Amended Complaint is not nearly egregious enough to support a claim for fraud upon the court. *See id.* This is especially true when accounting for the fact that Debtor herself acknowledged and agreed to the Defendants' debt—first by listing it in her schedules when initially filing for Bankruptcy [Bankr. Dkt. No. 1], and again when later updating Schedule D. [Bankr. Dkt. No. 30]. Each time, she listed United as a creditor holding a secured claim and did not list the debt as disputed. *See id.*

Based on the foregoing, to the extent Debtor's claim specifically sounds in "Fraud on the Court," it is insufficient and should be dismissed in its entirety with prejudice.

### B.     Debtor Lacks Standing to Challenge the Assignment Underlying the Proof of Claim

Even if Debtor's fraud based claim were timely and properly pled (which it is not), Debtor's claim as to BANA nevertheless fails as a matter of law because she has no standing to challenge the Assignment. In support of her Amended Complaint, Debtor attacks the validity of the Assignment and contends that United cannot demonstrate it is a real party in interest. [Adv. Dkt. No. 12]. However, Pennsylvania law is clear that mortgagors are not parties to assignments of mortgage and have no stake in the assignments.

In Pennsylvania, "it is well-established that a borrower . . . does not have standing to challenge the validity of mortgage assignments, because . . . the only interest or right which an obligor or a [claimant] has in the instrument of assignment is to insure him or herself that he or she will not have to pay the same claim twice." *Souders v. Bank of America*, 2012 WL 7009007 at *11 (M.D. Pa. Dec. 6, 2012). *See also Dauenhauer v. Bank of New York Mellon*, 562 Fed. App'x 473, 480 (6th Cir. 2014); *In re Washington*, 469 B.R. 587, 590 (Bankr. W.D. Pa. 2012); *In re Correia*, 452 B.R. 319, 324-25 (B.A.P. 1st Cir. 2011). Debtor is not a third party beneficiary to the Assignment, and has no standing to dispute its validity. *See, e.g., General Ins. Co. of*

*Amer. v. Daddona*, No. 97-CV-4084, 1999 U.S. Dist. LEXIS 1805, at *6-7 (E.D. Pa. Feb. 12, 1999) (third parties that are somehow affected by a transaction are at most incidental beneficiaries and lack standing to challenge the transaction); *Ira G. Steffy & Son, Inc., v. Citizens Bank of Pennsylvania*, 7 A.3d 278, 287-88 (Pa. Super. Ct. 2011) (to be considered a third party beneficiary in Pennsylvania it is necessary to show that both parties to the contract had an intent to benefit the third party); *Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010) ("Borrower disputes the validity of the assignment documents on several grounds outlined above. But as a non-party to those documents, it lacks standing to attack them."); *Liu v. T&H Mack, Inc.*, 191 F.3d 790, 797 (7th Cir. 1999) (third party "lacks standing to attack any problems with the []assignment.").

Here, to the extent Debtor's claims against BANA are predicated on the validity of the Assignment between BANA and United, they should be dismissed in their entirety with prejudice because Debtor lacks standing to challenge the validity of the Assignment.

### C.     Debtor's TILA Claim Fails as a Matter of Law

In Count Four of her Amended Complaint, Debtor seeks to impose liability on BANA for violations of the Truth in Lending Act ("TILA"). [Adv. Dkt. No. 12, Count Five]. Specifically, Debtor alleges BANA is liable for a violation of 15 U.S.C. §1641(f) because BANA failed to respond to Debtor's request for the identification of the owner of her second mortgage. *Id.*

15 U.S.C. §1641(f) provides that "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." Notably, TILA does not provide a time period within which a request under § 1641(f)(2) must be answered. *See Ording v. BAC Home Loans Servicing, LP*, Civ. No. 10-10670, 2011 WL 99016, at *3 (D. Mass. Jan. 10, 2011). "To withstand a motion to dismiss, however, a plaintiff must allege damages

resulting from any failure to provide such information." *Fazio v. Experian Info. Solutions, Inc.*, No. C 12-00497 CRB, 2012 WL 2119253, at *6 (N.D. Cal. June 11, 2012); *see also* 15 U.S.C. § 1640(a)(1) (stating that any creditor who fails to comply with requirements of §1641(f) is liable for any actual damage sustained as a result of the failure).

Here, Debtor's claim that BANA failed to provide her with the identification of the owner of the second mortgage fails as a matter of law. First, Debtor alleges that she sent a written request to BANA to identify of the owner of her loan, but acknowledges that she received multiple responses back. [Adv. Dkt. No. 12, ¶ 49]. On November 21, 2016, BANA, through its counsel, responded to the request and indicated that "the current assignee of loan is . . . United Guaranty." [Adv. Dkt. No. 12, Exhibit R]. Accordingly, BANA satisfied its obligation under Section 1641(f).[3] In addition to the above, Debtor was already informed of the owner of her loan as early as July 7, 2015. Exhibit J of Debtor's Amended Complaint contains a letter from United explaining that "United Guaranty became the owner of the debt . . . ." Here, BANA responded to Debtor's request and provided information on the owner of the loan in accordance with Section 1641(f). Accordingly, Count Four of the Amended Complaint should be dismissed in its entirety with prejudice.

Next, Debtor's TILA claim fails as a matter of law because her Amended Complaint does not allege that she suffered any actual damages as a result of the purported violation. Instead, it merely makes broad and conclusory allegations about Debtor's entitlement to damages for the alleged TILA violation while failing to connect BANA's alleged failure to identify the owner of

---

[3] Even if BANA's November 21, 2016 response were insufficient, BANA sent a follow-up response on or about December 6, 2016, which cured any purported defect. While Debtor did not attach this letter to her Amended Complaint, BANA therein clearly indicated that "the current owner of the loan is . . . [United Guaranty]." As there is no specific a time period within which a request under § 1641(f)(2) must be answered, BANA's December 6, 2016 letter unquestionably satisfied any obligation under § 1641(f). *See Ording*, 2011 WL 99016, at *3

the loan with any actual harm to Debtor. To withstand a motion to dismiss, Debtor must have alleged damages resulting from BANA's alleged failure to provide such information. *See Fazio*, 2012 WL 2119253, at *6 (N.D. Cal. June 11, 2012). Because she has neither suffered nor alleged such damages, her TILA claim fails as a matter of law and should be dismissed in its entirety with prejudice.

### D.  Debtor's RESPA Claim Fails as a Matter of Law

In Debtor's fifth cause of action for violation of the Real Estate Settlement Procedures Act ("RESPA"), she alleges that BANA failed to respond to a purported Qualified Written Request ("QWR"). [Adv. Dkt. No. 12, Count Five]. In support of this claim, Debtor makes broad and conclusory allegations regarding a letter titled "Qualified Written Request," but fails to articulate exactly whether the letter actually qualified as a QWR. Furthermore, Debtor admits that BANA responded to the alleged QWR. Finally, she fails to allege any actual damages.

#### 1.  Debtor Does Not Allege Facts to Support that the Letter Qualified as a QWR

Because the term "Qualified Written Request" has a specific meaning under RESPA, a party alleging a violation of this particular provision of the statute must plead with specificity facts which show that they submitted a proper QWR to the defendant in order to state a claim under 12 U.S.C. § 2605. *Angino v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-418, 2016 WL 787652 (M.D. Pa. Feb. 19, 2016). Where "plaintiffs do not specifically allege that they sent any written correspondence to any defendant or that any correspondence met the requirements" of a QWR, their claims must be dismissed. *Jones v. ABNAMRO Mortg. Group, Inc.* 551 F. Supp. 2d 400, 411 (E.D. Pa. 2008) (emphasis added) (citing *Scocca v. Cendant Mortg. Corp.*, 2004 WL 2536837 at *3 (E.D. Pa. Nov. 8, 2004) (dismissing a RESPA QWR claim because "[i]n his amended complaint, plaintiff never claims that he sent defendant a qualified written request").

Here, Debtor makes the conclusory allegation that she sent a "Qualified Written Request," but she does not explain how the letter qualified as such. Instead, she relies on mere labels and conclusions. Absent allegations that the letter met the requirements of a QWR, Debtor's claim must fail. Accordingly, Count Five should be dismissed in its entirety with prejudice.

### 2. The Facts Plainly Demonstrate that BANA Responded to the Request

Even if Debtor sufficiently alleged that her request qualified as a QWR—which she did not—her Amended Complaint is nevertheless defeated by the fact that BANA sufficiently responded to the request. Debtor admits that BANA acknowledged receipt of the alleged QWR and that it submitted numerous responses thereto. [Adv. Dkt. No. 12, ¶¶ 40-51]. Indeed, Debtor even attached these responses to her Amended Complaint. [Adv. Dkt. No. 12, Exhibits K, M, & R]. Debtor fails to explain how these responses are insufficient or why they allegedly do not satisfy BANA's statutory obligations—if any—to respond to the purported QWR. Accordingly, Count Five of Debtor's Amended Complaint fails as a matter of law as it is directly contradicted by allegations elsewhere in the Amended Complaint, is illogical, and is unsupported by fact. As such, it should be dismissed in its entirety with prejudice.

### 3. Debtor Fails to Allege Any Damages for the Alleged RESPA Violation

Finally, Debtor's RESPA claim also fails to allege either actual damages or a basis to assess statutory damages under 12 U.S.C. §2605. Even if the Court were to deem any correspondence to be a QWR, Debtor's claim under Section 2605 is deficient because she fails to allege that she incurred any damages as the result of BANA's purported failure to timely or adequately respond.

To survive a motion to dismiss, a plaintiff bringing a Section 2605 claim must, in addition to showing defendant's failure to comply with the provisions of Section 2605, identify

actual damages that he or she sustained as a result of defendant's alleged violation(s) of RESPA. *Fournier v. Bank of America Corp.*, 2014 WL 421295, at * 4 (N.D.N.Y. Feb. 4, 2014); *Kapsis v. American Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430, 444-445 (E.D.N.Y. 2013). Specifically, to state a Section 2605 claim, a plaintiff "must sufficiently allege one of two types of damages: (1) "actual damages to the borrower as a result of the failure" to comply with § 2605; or (2) statutory damages "in the case of a pattern or practice of noncompliance with the requirements" of § 2605." *Reinhart v. Citimortgage, Inc.*, 2016 WL 1259413, at *5 (N.D.N.Y. March 30, 2016); *Gorbaty v. Wells Fargo Bank, N.A.*, 2012 WL 1372260, at *5, (E.D.N.Y. Apr. 18, 2012) (quoting 12 U.S.C. § 2605(f)). "A plaintiff seeking actual damages under § 2605 must allege that the damages were proximately caused by the defendant's violation of RESPA." Id. at *5.

Here, Debtor's RESPA claim cannot survive a motion to dismiss because it does not contain factual allegations suggesting that any alleged damages Debtor suffered were proximately caused by BANA's alleged violations of Section 2605. Absent such an allegation, Debtor's RESPA claim cannot survive and should be dismissed in its entirety with prejudice.

## V. **CONCLUSION**

For the foregoing reasons, this Motion to Dismiss should be granted and the Amended Complaint should be dismissed with prejudice in its entirety.

Respectfully submitted,

/s/ *Daniel P. Wotherspoon*
Daniel P. Wotherspoon (SBN 316311)
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-8100
Fax: (215) 851-1420
dwotherspoon@reedsmith.com
*Counsel for Defendant Bank of America, N.A.*

Dated: December 21, 2016